David Axelrod, M.D. Commissioner NYS Department of Health
You have asked whether an Orange County Local Law is valid which provides:
 "No provision of the County Sanitary Code promulgated hereunder shall be effective until the same is approved by the Orange County Legislature."
Your specific question is whether the Orange County Legislature has the authority to transfer to itself, the power of final approval of proposed amendments to or revisions of the County's Sanitary Code, a power statutorily and expressly conferred upon the county board of health by Article 3 of the Public Health Law.
Preliminarily, it is noted that the question of what local body shall have the power of final approval of amendments to the County's Sanitary Code is entirely distinct from the question whether any local body may approve a provision in the County Sanitary Code which is inconsistent with the State Sanitary Code. The answer is clearly that it may not (Public Health Law, § 347).
To determine whether the Orange County Legislature may adopt a local law which is inconsistent with the provision in the State statute conferring the power of approval of the code on the board of health, it is necessary to consider the provisions of the Municipal Home Rule Law.
The Orange County local law in question is technically a "charter law" because it is a "local law providing, amending or repealing a county charter" (Municipal Home Rule Law, § 32[2]). A charter law is enacted under the power granted to counties under Article 4 of the Municipal Home Rule Law (§ 33). A charter law may be inconsistent with a general law, such as the Public Health Law, if it deals with the structure of the county government and the manner in which it is to function, including the details of the administration of the county government (id., subds 2 and 4[d]). Now, the Legislature may restrict this charter-law power (id., subd 1). Section 34 of Article 4 contains a number of restrictions, none of which, however, deals with matters of health. One of the paragraphs of subdivision 3 of section 34 lists 19 of the State's consolidated laws that may not be superseded (para g); however, the Public Health Law is not one of the 19 laws listed. Thus there is no restriction in the Municipal Home Rule Law on the power of the county legislature to adopt a local law which is inconsistent with a provision in the Public Health Law relating to the manner in which the sanitary code is to be amended.
Reference is made in your letter to 1974 Op Atty Gen 33 and 1975 Op Atty Gen 55, on which occasions we said that a county could not transfer the power of appointment of the county commissioner of health from the board of health to the county executive. Charter law power under section 33 was not mentioned. The transfer power was denied as inconsistent with section351 of the Public Health Law and the Legislature amended the section in 1975 to "overrule" our opinions (L 1975, ch 83, § 1).
We conclude that a charter county by charter law may provide that amendments to a county sanitary code by a county health district board of health may not take effect until approved by the county legislative body.